MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2017 ME 34
Docket:       Pis-16-372
Submitted
  On Briefs:  February 23, 2017
Decided:      March 2, 2017

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE GRACESUN C. et al.

PER CURIAM

[¶1]  The father and mother of Gracesun C., Roderick C., and Golda C. appeal from a judgment of the District Court (Dover-Foxcroft, *Stitham, J.*) terminating their parental rights to their three children.  We affirm the judgment.

[¶2]  These children came into the custody of the Department of Health and Human Services on March 16, 2015, shortly after the police were called to intervene in an alcohol-fueled fight between the children's father and their mother, who was then eight months pregnant.[1]  Over the course of the next year,[2] the parents were provided myriad services and opportunities to reunify their family.  Those efforts failed, however, due to a combination of the parents' mental health issues and their choices.  The mother has been

---

[1]  Golda, who was born on March 4, 2015, tested positive for THC.

[2]  In June of 2015, each parent agreed that the children would be in jeopardy if returned to his or her care.

2

diagnosed with borderline personality disorder, attention deficit disorder, bipolar disorder, and polysubstance abuse. The father, by all accounts, would be able to safely and appropriately parent the children if he could, or was willing to, protect them from the mother and from the "toxic" events that occur when the parents are together. As the trial court found, however, the father "is just too enmeshed" with the mother to be able to separate from her. The court found,

> [S]hould these children reside with these parents . . . there will be instances of domestic violence and volatility and *erratic behavior caused by* [the mother's] *mental health and substance abuse problems* and that [the father] will once again partake of substances with [the mother] when he knows that such use *combined with her mental health issues* will create yet again another *volatile situation which will negatively impact the children.*

(Emphasis in original.)

[¶3] Contrary to the parents' contentions, there is sufficient evidence in the record to support the court's findings, by clear and convincing evidence, that both parents are "unwilling or unable to protect the child[ren] from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child[ren]'s needs" and that they "ha[ve] been unwilling or unable to take responsibility for the child[ren] within a time which is reasonably calculated to meet the child[ren]'s needs."

22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii) (2016); *see In re M.S.*, 2014 ME 54, ¶ 13, 90 A.3d 443.

[¶4]   There is also sufficient evidence in the record to support the court's finding, by clear and convincing evidence, that termination is in the best interest of the children.  *See* 22 M.R.S. § 4055(1)(B)(2)(a) (2016); *In re M.S.*, 2014 ME 54, ¶ 15, 90 A.3d 443.  The evidence at trial showed that the oldest child, now six years old, presents the "classic" symptoms of a child exposed to domestic violence—attachment difficulties, anxiety, difficulty with social skills and with educational programs, and resistance to treatment—and that the middle child, now three-and-a-half years old, is likely to be diagnosed with post-traumatic stress disorder and reactive attachment disorder.  As a result of his exposure to violence and chaos, the eldest child requires placement in "therapeutic" level foster care.  Although the youngest child, who was removed from the parents when she was less than two weeks old, does not demonstrate these symptoms, she is not bonded with the parents and would be placed at risk if returned to the parents' care.  The court did not abuse its discretion in determining that termination is in the best interest of the children.  *See In re Thomas H.*, 2005 ME 123, ¶ 16, 889 A.2d 297.

The entry is:

Judgment affirmed.

---

Wendy D. Hatch, Esq., Waterville, for appellant mother

Randy G. Day, Esq., Garland, for appellant father

Janet T. Mills, Attorney General, and Courtney Goodwin, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Dover-Foxcroft District Court docket number PC-2015-9
FOR CLERK REFERENCE ONLY